CASANUEVA, Judge.
After a joint business venture failed, Jane Pilz sued David Medinis, Coastal A.R.T., Inc., and Steve Russell. Mr. Russell settled the claim with Ms. Pilz before trial; after a trial, the jury rendered a verdict in favor of Ms. Pilz and against Mr. Medinis on all counts.[1] We affirm in part, reverse in part, and remand for a new trial.
Ms. Pilz’s second amended complaint asserted six counts against Mr. Medinis and sought damages for his alleged failure to pay certain promissory notes (two counts), breach of an express contract, breach of the duty of good faith, promissory estop-pel, and conversion. In accord with the jury’s verdict, the trial court entered a judgment for Ms. Pilz on all counts. We find reversible error on five of these six counts.
The analysis on the claims for the two promissory notes is identical. The verdict form inquired whether Ms. Pilz proved her claim against Mr. Medinis for nonpayment of each note, and the jury answered each question in the affirmative. However, the verdict form failed to provide for a jury finding on the amount of damages accruing from the failure to pay the notes. Nevertheless, the trial judge set the amount of damages in the final judgment. This was error.
In a jury trial, it is the duty of the jury, not the judge, to make a factual finding on damages. The trial court had no authority to make a specific award in this case. See Cory v. Greyhound Lines, Inc., 257 So.2d 36, 41 (Fla.1971) (holding that the court is limited in amending a verdict after discharge of the jury and *597 cannot invade the province of the jury). We reverse for a new trial on both liability and damages issues.
On the breach of contract count, the jury was asked to and did award damages of $7000. Because there is sufficient, competent evidence to sustain this award, we affirm this part of the final judgment without further discussion.
Ms. Pilz asserted claims for breach of the duty of good faith and fair dealing based upon an implied duty that arose from the parties’ express contract. Because another count alleges a specific breach of this contract, on this record we are unable to state definitively whether this count states a separate and distinct cause of action. As this court discussed previously in Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 896 So.2d 787, 792 (Fla. 2d DCA 2005), “[bjecause the implied covenant is not a stated contractual term, to operate it attaches to the performance of a specific or express contractual provision.” Unless the plaintiff alleges that an express term of a contract was violated, a breach of the implied covenant of good faith and fair dealing cannot exist. Id.
Even if the plaintiff did state a cause of action, the jury was not given an opportunity to set the amount of damages on the verdict form. Thus, this portion of the final judgment suffers from the same infirmity as the awards for the promissory notes, and we must strike it also. On remand, the court must ascertain whether this count states a cause of action.
Finally, the trial judge awarded $18,000 to Ms. Pilz for conversion, which was the amount the jury set as damages on the verdict form. Ms. Pilz claimed that Mr. Medinis converted her stock in the corporation, the same stock that she was selling to him as part of the transfer of the business. The evidence suggests, however, that Ms. Pilz never transferred the stock to Mr. Medinis. Therefore, because he never had possession of the stock, it was legally impossible for him to convert it. See Estate of Villanueva ex rel. Villanueva v. Youngblood, 927 So.2d 955, 959 (Fla. 2d DCA 2006) (stating that conversion occurs when one asserts dominion over an item which is inconsistent with the owner’s right and deprives the owner of possession). Moreover, Ms. Pilz’s theory of the case was that she sold her company, Coastal A.R.T., Inc., to Mr. Medinis, that this stock was the consideration she gave under the contract and the promissory notes they executed later, and that she has not received her part of the bargain. Thus, by claiming conversion of this very same stock, she was seeking mutually exclusive remedies. Cf. Pathway Fin. v. Miami Int’l Realty Co., 588 So.2d 1000, 1004 (Fla. 3d DCA 1991) (“Where the parties are engaged in a contractual dispute over the amount owed and no fraud is involved[,] no civil theft or conversion can occur.”). Because it was not possible, as a matter of law, for Mr. Medinis to convert the stock, the trial court should not have submitted this count to the jury.
We reverse the final judgment in favor of Ms. Pilz except for the award of $7000 for breach of the express contract, which we affirm. We remand for a new trial and other proceedings consistent with this opinion.
STRINGER and LaROSE, JJ., Concur.

. Coastal A.R.T., Inc. did not participate in any meaningful way at trial and was not mentioned on the verdict form. The trial court ultimately entered a final judgment in its favor. Mr. Medinis raises no issue on appeal regarding Coastal A.R.T., Inc. or his unsuccessful counterclaims against Ms. Pilz.